**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HENRY FORD WIMBUSH,** : | |
| : | Civil Action No. 1:07-CV-1377 |
| Petitioner : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| **JEFFREY A. BEARD, et al.,** : | |
| : | |
| Respondents : | |

**MEMORANDUM AND ORDER**

**I.     Background**

Petitioner, Henry Ford Wimbush, an inmate currently incarcerated at the State Correctional Institution at Mahanoy, in Frackville, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Pending before the court is Petitioner's motion for appointment of counsel (Doc. No. 3). For the following reasons, the motion will be denied.

**II.    Discussion**

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. §1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). As a threshold matter, a district court must address whether the claimant's case has some arguable merit in fact and law. Tabron, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals has identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to

present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue such investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-157. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Petitioner's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding the motion, that Petitioner's habeas petition has arguable merit, Petitioner has not demonstrated that he is incapable of presenting comprehensible arguments. Petitioner has set forth his petition (Doc. No. 1) and "Concise Statement of the Case" (Doc. No. 2) in legibly written, understandable paragraphs, and he has set forth the general history and background of this action. Petitioner's ability to investigate does not appear to be beyond his capabilities, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own. Further, the court's liberal construction of pro se pleadings mitigates against the appointment of counsel. Haines v. Kerner, 404 U.S. 519 (1972). Ultimately, the court does not see circumstances which would warrant appointment of counsel to Petitioner.

Therefore, Petitioner's motion for appointment of counsel will be denied. In the event,

however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Petitioner.

### III.  Order

**AND NOW,** this 6th day of December, 2007, **IT IS HEREBY ORDERED THAT** Petitioner's motion for appointment of counsel (Doc. No. 3) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Petitioner.

s/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
Middle District of Pennsylvania